# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1997 SESSION

FILED

June 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9607-CC-00239 |
| Appellee, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, |
| | ) | JUDGE |
| WILLIAM HERBERT STITTS, | ) | |
| | ) | (Vandalism Under $500) |
| Appellant. | ) | |

FOR THE APPELLANT:

**GEORGE MORTON GOOGE**
Public Defender

**DANIEL J. TAYLOR**
Assistant Public Defender
227 West Baltimore
Jackson, Tennessee   38301

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee   37243-0493

**JAMES G. WOODALL**
District Attorney General

**DONALD H. ALLEN**
Assistant District Attorney General
P.O. Box 2825
Jackson, Tennessee   38302

OPINION FILED: _____

**AFFIRMED-RULE 20**

**JOE G. RILEY,**
**JUDGE**

**ORDER**

The defendant, William H. Stitts, appeals as of right a jury conviction of vandalism of property under $500. He was sentenced to eleven (11) months and twenty-nine (29) days in the local jail. The sole issue for review is whether the evidence is sufficient to sustain the conviction. We affirm the judgment of the trial court pursuant to Rule 20 of this Court.

## I.

The facts of this case involve the defendant's actions in response to a general sessions judge's decision to hold him in custody until he posted bond. The judge, court administrator, a police officer, and an attorney present in the courtroom provided testimony at trial. The eyewitnesses testified that , following the judge's ruling, the defendant knocked over his chair and was upset and irritated. He was then escorted out of the courtroom. Each witness testified that they saw the defendant approach the door before the glass shattered and heard the defendant make derogatory comments. As he approached the door, he pulled his hand back and rammed his fist through the glass plate in the door.

The defendant did not offer any proof at trial.

## II.

The defendant argues the evidence was insufficient to sustain the conviction of vandalism. Since the eyewitnesses saw the defendant "over [their] shoulder" or "through the door", he contends that they were not in a position to see him hit the glass door.

As the defendant was escorted to leave, the judge testified that he saw the motion from defendant's arm or fist in the corner of his eye, and then the glass broke. The court administrator who was seated to the right of the judge and closest to the shattered door saw the defendant pull his arm back and put it through the glass window in the door. The police officer stated that the defendant "took his fist and just broke the window." An attorney testified that she was "looking right at the

defendant" when he put his hand through the glass window.  As stated by the trial judge,

> "Well, he did it.  There wasn't any question about it.  That's all there is to it."

We agree.

The judgment of the trial court is AFFIRMED pursuant to Rule 20 of this Court.


_____
JOE G. RILEY, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID H. WELLES, JUDGE